IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KBS LEGACY PARTNERS GRAND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV1302 |
| | ) | |
| CHERYL R. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Cheryl R. Williams's ("Defendant's") Application for Leave to Proceed *in forma pauperis*, which Defendant filed in conjunction with a Petition for Removal [Doc. #2] from Cabarrus County District Court. For the reasons set out below, this case should be remanded to the state court in Cabarrus County, North Carolina, as this Court lacks federal subject-matter jurisdiction.

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o]

not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As part of this frivolity review under § 1915(e)(2), the Court may consider whether it has subject-matter jurisdiction in the action. Wright v. Huggins, No. 5:09-CV-551-D, 2010 WL 2038806, at *2 (E.D.N.C. Mar. 11, 2010) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Cornelius v. Howell, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. Jan. 8, 2007)). Indeed, "[c]ourts regularly remand removal cases at the required initial review of *in forma pauperis* applications based on frivolousness due to lack of subject-matter jurisdiction." SunTrust Mortg., Inc. v. Thomas, No. 1:14CV608, 2014 WL 3928599, at *1 (M.D.N.C. Aug. 12, 2014) (collecting cases). The burden of establishing federal subject-matter jurisdiction falls on the party seeking removal. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). If federal jurisdiction appears doubtful, the case should be remanded to state court. Id.

In her Petition for Removal, Defendant alleges federal jurisdiction based on a federal question. For a court to find that federal-question jurisdiction exists, the case must "aris[e] under" federal law. 28 U.S.C. § 1331. Whether a case does so for jurisdictional purposes is tested by the "well-pleaded complaint" rule; federal courts must consider only what necessarily

2

appears in the plaintiff's statement of his claim, and the federal question must be clear from the face of the complaint. In re Blackwater Security Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006) (citing Lousiville & Nashville R.R. Co. v. Motley, 211 U.S. 149, 152 (1908)). An actual or anticipated federal defense to the plaintiff's state-law claims is not sufficient to invoke federal-question jurisdiction. Id. Nor is it sufficient for the federal question to enter the case as a counterclaim asserted by a defendant. Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 830-31 (2002).

After careful consideration of Defendant's Petition for Removal and the Complaint that Plaintiff filed in state court, the Court finds that federal subject-matter jurisdiction does not exist in this case. Plaintiff's complaint is based on a claim for unpaid rent, and seeks Defendant's summary ejectment from the rental property (Complaint [Doc. #5]). See N.C. GEN. STAT. §§ 42-26, et seq. Therefore, Plaintiff's claim arises exclusively under state law. Cf. Stump v. Potts, 322 F. App'x 379 (5th Cir. 2009) (eviction action under Texas law was not a basis for federal-question removal). Defendant asserts that federal-question jurisdiction exists because she intends to offer Plaintiff's noncompliance with the Civil Rights Act of 1968 as a defense (Petition for Removal [Doc. #2] at 2). As noted above, however, an anticipated or actual defense of a claim cannot be the basis for federal-question jurisdiction. Because Plaintiff's state court Complaint contained no legal claims based on federal law, federal-question jurisdiction does not exist, and this Court lacks subject-matter jurisdiction to proceed. Additionally, Defendant has not raised the issue of diversity jurisdiction in her Petition for Removal, and in any event, Plaintiffs are only seeking possession of the premises in this action.

3

See 28 U.S.C. § 1332(a) (among other requirements, more than $75,000 must be in controversy for diversity jurisdiction).

Therefore, this action should be remanded to state court. *In forma pauperis* will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that Defendant's application to proceed *in forma pauperis* [Doc. #1] is granted for the limited purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this case be remanded to the Cabarrus County District Court, North Carolina, for lack of federal subject-matter jurisdiction.

This, the 11th day of January, 2017.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge